## UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT
## ORLANDO DIVISION

**AXIS SURPLUS INSURANCE COMPANY,**

    **Plaintiff,**

vs.                                     **CASE NO.:** 6:11-cv-320-Orl-19DAB

**CONTRAVEST CONSTRUCTION COMPANY, CONTRAVEST, INC., and THE CREST AT WATERFORD LAKES CONDOMINIUM ASSOCIATION, INC.,**

    **Defendants.**

_____/

### **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, AXIS SURPLUS INSURANCE COMPANY ("AXIS"), by and through its undersigned counsel, who brings this action for declaratory relief against CONTRAVEST CONSTRUCTION COMPANY, CONTRAVEST, INC. (hereinafter referred to collectively as "CONTRAVEST"), and THE CREST AT WATERFORD LAKES CONDOMINIUM ASSOCIATION, INC. ("ASSOCIATION"), and alleges:

    1.    This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual controversy between the parties.

    2.    The Plaintiff AXIS is an Illinois domiciled insurer with its principal place of business in Alpharetta, Georgia.

3. The Defendant CONTRAVEST CONSTRUCTION COMPANY is a Florida corporation with its principal place of business in Lake Mary, Seminole County, Florida.

4. The Defendant CONTRAVEST, INC., is a Florida corporation with its principal place of business in Altamonte Springs, Seminole County, Florida.

5. The Defendant ASSOCIATION is a Florida corporation with its principal place of business in Orlando, Orange County, Florida.

6. Venue in this district is proper, since the Defendants reside in this district, and the condominium development at issue is located in Orange County, Florida.

7. This controversy involves the issue of insurance coverage availability for defects allegedly arising out of the construction and development of units and common areas at The Crest at Waterford Lakes ("the Project"), a condominium community.

8. The Project was originally constructed by CONTRAVEST in 1998 as an apartment complex. The apartment complex was thereafter converted to condominiums, which were completed in June 2005.

9. CONTRAVEST was not involved in anyway in the conversion from apartments to condominiums.

10. The ASSOCIATION filed suit against CONTRAVEST and others, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, on

February 18, 2009. A copy of the ASSOCIATION's Complaint ("underlying Complaint") is attached hereto as Exhibit "A."

11. The underlying Complaint alleges that the defects and deficiencies were not readily discoverable by the ASSOCIATION or its members, and that the ASSOCIATION and its members only became aware of the defects and deficiencies through the retention of construction experts (see Exhibit "A" at ¶ 30).

12. Attached to the underlying Complaint as Exhibit B was the Marcon Forensics Defect Report dated September 30, 2008, that detailed the alleged construction defects.

13. AXIS issued four commercial general liability policies to CONTRAVEST Construction Company as follows:

> July 21, 2003 through July 21, 2004 (policy number EAP 701741)
>
> July 21, 2004 through July 21, 2005 (policy number EAP 701741-04)
>
> July 21, 2005 through July 21, 2006 (policy number EAP70141-05)
>
> July 21, 2006 through July 21, 2007 (policy number EAP701741-06).

A copy these policies are attached hereto as Composite Exhibit "B."

14. AXIS, through its third party administrator, Claims Resource Management, Inc., issued its coverage position letter to CONTRAVEST on March 19, 2010 and advised that it would provide a defense to the lawsuits filed by the ASSOCIATION, under a reservation of rights, for the 7/21/05 - 7/21/06 and 7/21/06 - 7/21/07 policies. AXIS denied coverage for the 7/21/03 - 7/21/04 and 7/21/04 - 7/21/05 policies. A copy of the coverage position letter is attached as Exhibit "C."

15. AXIS, through its agents, sent supplemental reservation of rights letters to CONTRAVEST on July 23, 2010 and November 30, 2010. These supplemental reservation of rights letters are attached hereto as Composite Exhibit "D."

16. CONTRAVEST and the ASSOCIATION are proper parties as their rights will be affected by this Court's declaration.

17. All conditions precedent have either been performed or waived.

## COUNT I
### No Coverage Based Upon the Fact That There Was No Property Damage Within the Policy Periods

18. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

19. The AXIS policies provide in part:

> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period.

\* \* \*

20. The underlying Complaint alleges that the defects in the Project were latent and were not discovered until the experts inspected the Project.

21. The expert reports attached to the underlying Complaint reveal that the defects were not discovered until the inspections that took place on June 16,

2008, and September 25 and 26, 2008, each of which was subsequent to the expiration of the last AXIS policy on July 21, 2007.

22. As a result, the allegations of the Complaint do not trigger coverage under any AXIS policy as the alleged defects did not manifest within any AXIS policy period.

23. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to defend or indemnify CONTRAVEST in the lawsuit filed by the ASSOCIATION.

### COUNT II
### The Damage To Property Exclusion
### Applies To Bar Coverage

24. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

25. The AXIS policies provide in pertinent part:

> **j.   Damage To Property**
>
> "Property damage" to:
>
> * * *
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the

>> "property damage" arises out of those operations; or
>
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

* * *

26. The underlying complaint alleges that the alleged defects were in existence at the time the project was completed, and therefore, since the work was not yet completed exclusions j.(5) and j.(6) apply to bar coverage.

27. As a result, the allegations of the underlying complaint negate any duty to defend or indemnify because the project was not yet completed at the time the defects allegedly came into existence.

28. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to defend or indemnify CONTRAVEST in the lawsuit filed by the ASSOCIATION.

### COUNT III
### No Property Damage

29. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

30. The AXIS policies provide in pertinent part:

> **17.** "Property Damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

31. AXIS asserts that some or all of the damages alleged and described in the underlying Complaint and its attachments do not constitute "property damage" under the AXIS policies because such alleged defective work did not cause any resulting damage to any other portion of the project.

32. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to indemnify

CONTRAVEST in the lawsuit filed by the ASSOCIATION for any damages which do not constitute property damage.

## COUNT IV
## The EIFS Exclusion

33. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

34. The AXIS policies provide in part:

**EXCLUSION - EXTERIOR INSULATION FINISH SYSTEMS (EIFS)**

The following exclusion is added to Paragraph 2., **Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage Liability** and **Coverage B - Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly, out of:

a. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement of an "exterior insulation and finish system" (EIFS) commonly referred to as synthetic stucco or any part thereof, of any substantially similar system or any part thereof, including the application or use of conditions, primers, accessories, flashings, coatings, caulking or sealants in connection with such system.

b. Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used in any part of that structure.

    c.    Any damages arising out of or related to "bodily injury" or "property damage" arising out of paragraph a. and/or b. above, whether such "bodily injury" or "property damage" is known or unknown,

        1)    Which first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any; whichever is earlier); or

        2)    Which are, or alleged to be, in the process of occurring as of the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier) even if the "occurrence" continues during this policy period.

*  *  *

For the purpose of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of any or all of the following:

    a)    A rigid or semi-rigid insulation board made of expanded polystyrene or other materials,
    b)    The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate,
    c)    A reinforced base coat,
    d)    A finish coat providing surface texture and color.

*  *  *

35. AXIS asserts that some or all of the damages alleged in the underlying Complaint are excluded based upon the EIFS exclusion.

36. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to indemnify CONTRAVEST in the lawsuit filed by the ASSOCIATION for damages falling within the EIFS exclusion.

## COUNT V
### The Fungi or Bacteria Exclusion

37. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

38. The AXIS policies provide in part:

**EXCLUSIONS**

\* \* \*

**EXCLUSION - FUNGI OR BACTERIA EXCLUSION**

**A.** The following exclusion is added to Paragraph **2.**, Exclusions of **Section I - Coverage A - Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Bodily injury" or Property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of,

>> ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by an insured or by any other person or entity.
>
> This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

* * *

> **C.** The following definition is added to **Section V: Definitions:**
>
> "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

* * *

39. AXIS asserts that some or all of the damages alleged in the underlying Complaint are excluded by the fungi or bacteria exclusion.

40. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to indemnify CONTRAVEST in the lawsuit filed by the ASSOCIATION for any damages falling within the fungi or bacteria exclusion.

## COUNT VI
### Designated Operations Exclusion
### (2003-2004 and 2004-2005 policies only)

41. AXIS realleges paragraphs 1 through 17 above as if fully set forth herein.

42. The 2003-2004 and 2004-2005 AXIS policies provide in part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**DESIGNATED OPERATIONS EXCLUSION (STRUCTURAL RESIDENTIAL WORK - INCLUDING APARTMENT CONVERSIONS)**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS COVERAGE PART**

**SCHEDULE**

**Description of your work:**

**Any "residential' work conducted by or for you.**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" included in the "products-completed operations hazard" arising directly or indirectly out of "your work" shown in the Schedule.

"Residential" means construction of structures or buildings such as tract homes, residential condominiums, residential townhouses, residential duplexes, multi-unit residential buildings, structures or homes in subdivisions and/or buildings, structures or homes in master planned residential communities.

This exclusion also applies to any building or property that was originally intended for occupancy as apartments and was subsequently converted by anyone to "residential" occupancy.

\* \* \*

43. The 2003-2004 (EAP 701741) and 2004-2005 (EAP 701741-04) AXIS policies do not provide coverage due to the Designated Operations Exclusion.

44. The work performed by CONTRAVEST for the project consisted of residential work and therefore the Designated Operations Exclusion applies to bar coverage.

45. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities under these two (2) policies.

WHEREFORE, the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Court to find and declare that AXIS has no duty to defend or indemnify CONTRAVEST

under these two (2) policies in the lawsuit filed by the ASSOCIATION, and any other such relief as the Court would deem appropriate.  Plaintiff demands a trial by jury on all issues so triable as a matter of right.

                              BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

                              */s/     Kathy J. Maus*
                              KATHY J. MAUS, ESQ.
                              Florida Bar No.:  0896330
                              KEVIN J. KAPUSTA, ESQ.
                              Florida Bar No.:  0933856
                              3600 Maclay Blvd., Suite 101
                              Tallahassee, Florida  32312
                              Telephone:     (850) 894-4111
                              Facsimile:     (850) 894-4999
                              kmaus@butlerpappas.com
                              Kkapusta@butlerpappas.com
                              Attorneys for Plaintiff